## Wood *v.* Keyes and others.

Where the husband in his life time sold several lots of land, in which his wife had a contingent right of dower, to various individuals, and conveyed such lots with warranty, and afterwards died seized and possessed of a large real and personal estate, which he devised to the complainant in trust for his daughter; and the trustee after the death of the testator offered to assign to the widow her dower out of the estate of which the husband died seized, as well for that estate as for the lands sold and conveyed by her husband with warranty, which offer she refused and commenced ejectment suits against the several purchasers for the purpose of recovering her dower in each lot separately ; *Held,* that the widow was in equity bound to accept an assignment of the whole dower out of the estate of which her husband died seized, and which was ultimately liable to sustain the whole charge of her dower right in the lands conveyed with warranty.

The cestui que trust of the complainant having died after argument and before the decision of the cause, by which the suit was determined, the court ordered the decree to be entered *nunc pro tunc* as of the time of the argument.

May 2.

THE object of the bill in this cause was to restrain the defendant L. Keyes, the widow of Parley Keyes deceased, from prosecuting numerous ejectment suits against the grantees of her late husband ; and to compel her to take an assignment of her whole dower out of the estate of which he died seized. Her husband had in his life time conveyed divers village lots and other portions of his estate with warranty ; in which conveyances the wife had not joined. And upon his death a large real and personal estate of which he was then seized and possessed was devised to the complainant upon a valid trust for the testator's daughter. As the widow was entitled to dower in the lands thus devised as well as in the lands conveyed, the complainant proposed to her to set off sufficient of the real estate devised to satisfy her claim of dower in the whole lands and village lots in which she had a right of dower ; but this proposition was declined, and numerous suits were thereupon commenced by her against the grantees of her late husband.

*B. R. Wood*, for the complainant.

*J. Butterfield*, for the defendant L. Keyes.

THE CHANCELLOR.   This is a case that clearly calls for the interposition of this court, to prevent the gross injustice of permitting the whole estate of which the husband died seized from being destroyed by the costs of a useless litigation respecting the separate claims of dower in the various lots conveyed by the husband, when the trustee is willing to have the whole dower assigned at once out of the estate which must ultimately bear the loss.   It is at least doubtful whether this could be done in a court of law without the assent of the widow.   But, as it can be of no possible benefit to the widow, this court will not allow her to be guilty of the unnatural act of destroying the whole property of her deaf and dumb daughter, either to gratify her own caprice or the improper feelings of those under whose advice she is acting.   A decree must, therefore, be entered for the appointment of admeasurers to assign to her out of the real estate devised to the complainant, which in equity is liable to sustain the whole charge, so much thereof as will be equal to the whole dower to which she is entitled in all the lands conveyed by her husband with warranty during coverture, together with her dower in the lands devised to the complainant in trust ; and there must be a perpetual injunction against further proceedings at law.

The proofs in the cause, however, show that the offer to the widow to assign her whole dower out of the estate devised was not made until the suits were commenced at law, and that she then offered to receive a pecuniary satisfaction for her dower in the lands conveyed in the life time of her husband.   The costs of those suits up to the time of issuing the injunction in this suit must therefore be paid out of the trust estate in the hands of the complainant. The widow must also be compensated out of the rents and profits of the real estate held by the complainant in trust for the value of her dower, from the death of her husband, in the estate of which he died seized, and from the filing of

this bill in the other property. And if the parties cannot agree upon the amount, it must be referred to a master to ascertain the same.

It being understood by the court that the complainant's cestui que trust has died since the hearing of this cause, the decree must be entered as of the 20th of April, 1836. And, in case the trust is at a ı end, the suit must be properly revived in the name of the person who has succeeded to the complainant's rights, if further proceedings in the cause shall be found necessary.