NANCY FORD *versus* CHRISTOPHER ERSKINE.

An action of dower cannot be maintained before demand has been made to assign the dower claimed.

The demand should contain such a description of the estate as will give notice of what land dower is demanded; and this may be in terms or by reference to a deed under which the tenant claims.

But reference to a deed executed forty years before, to a third person, and not recorded, is no notice to the tenant of what was conveyed; and, such description of the premises, is insufficient.

*Thus*, a demand "of all lands of which W. F., my late husband, was seized, at any time during my coverture with him, and of which you are now seized of the freehold, and particularly of the land conveyed to J. T., by my said husband, by deed dated Oct. 19, 1819," was considered too vague and indefinite.

DOWER is demanded in this action of two parcels of land in Jefferson, described in distinct counts in the writ, which is dated September 18, 1857. Plea, demandant not dowable.

At the trial, before MAY, J., a demand of dower of the defendant was proved to have been made by W. H. Ford, agent and attorney of demandant, on April 9, 1857, which demand was in writing, signed by demandant and addressed to defendant, and was as follows: —

" I hereby demand of you my dower and just third part of all lands, tenements and hereditaments of which William Ford, my late husband, late of said Jefferson, deceased, was seized, at any time during my coverture with him, and of which you are now seized of the freehold, and particularly of the land conveyed to James Thomas, by my said husband, by deed dated Oct. 19, 1819, and I hereby require you to assign and set out the same to me, by metes and bounds, according to the intendment of the law in such cases provided.

" Jefferson, April 9, 1857."

The defendant objected to this demand, because there was no sufficient description of the premises.

The demandant introduced testimony as to the condition of the estate at the time of the alienation of it by the husband of the demandant.

The case was withdrawn from the jury, and submitted to the full Court on REPORT.

The questions arising in the case were fully argued; but, the sufficiency of the demand being the only question considered in the opinion of the Court, the arguments and evidence applicable to the other points are omitted.

*H. Ingalls,* for the demandant, argued: —

That no form of demand for dower is prescribed or required. All that is necessary is that the defendant should have notice of what land dower is demanded. Even by parol, dower may be demanded and assigned. *Baker* v. *Baker,* 4 Maine, 67; *Curtis* v. *Hobart,* 41 Maine, 230; *Conant* v. *Little,*

1 Pick. 189; *Jones* v. *Brewer*, 1 Pick. 315; *Atwood* v. *Atwood*, 22 Pick. 283; *Shattuck* v. *Gregg*, 23 Pick. 88.

·*Gould*, for defendant, argued:—

The demand was not sufficient. (1.) It contains no description of the premises out of which the demandant claims dower.

The object of a demand is to give the tenant notice of the demandant's claim. This she cannot do without describing the lot or premises. She might do it by metes and bounds, or by reference to a description in the tenant's possession; but it is not sufficient to refer to a deed in the possession of a third person.

Reference to a deed upon the public records is not sufficient, because the tenant is not to be put to the trouble and expense of going to consult them, much less is a reference to a deed which was in the possession of James Thomas in 1819, without informing the defendant where it may now be found. Who has that deed? We know not. Whether it was ever recorded; so that information might thus be obtained, we are not informed, and, if recorded, we are not told where.

The first part of the demand is still more defective in the matter of description. How is defendant to know when the "coverture" spoken of commenced, and when it was terminated? And how is defendant to get information of what lands the plaintiff's "late husband was seized at any time during her coverture with him?"·

The tenant is entitled to such a description as will enable him to proceed at once, and set out her dower, and thus save to himself cost and rent. Could he have done so in this case, without seeking other information than that contained in the demand? and that, too, without being informed where to look for it? There are two lots, the title of which he must trace.

(2.) R. S. of 1841, c. 144, § 2, provides that demand shall be made of the person who is seized of the freehold at the time of making the demand, if he be in the State, otherwise,

of the tenant in possession. It does not appear that defendant was "seized of the freehold" at that time, or that he was "tenant in possession." He may not, on the pleadings, be permitted to deny his tenancy at the time the action was brought, but, to make the notice good, it must appear that he was then tenant, or that he was seized.

In the case of *Baker* v. *Baker*, 4 Greenl. 67, the demand referred to a deed to the tenant. The Court say, " the tenant readily understood what was intended to be communicated." That cannot be said in this case.

The opinion of the Court was drawn up by

APPLETON J.—By R. S., c. 44, § 2, a demand must be made upon the tenant in possession, to assign dower, before an action can be maintained for its recovery. It is the duty of the tenant, thereupon, to assign dower in the premises in which it is demanded, if the demandant be thereto entitled. To enable him to do this, the demand must contain a description of the premises. But all that is required, says WILDE, J., in *Atwood* v. *Atwood*, 22 Pick. 283, " is that the description of the land should be such as to give notice to the tenant to what land the demand referred."

The demand in the present case is most vague and indefinite. It embraces all lands of which the husband was seized during coverture, and of which the tenant is now seized, without describing what or where those lands may be. The tenant, to know of what lands dower was demanded, must first ascertain when coverture commenced and ended, and whether his title to any lands of which he is in possession accrued between those dates. It is, substantially, a general demand of dower in all lands of which she is dowable. " A demand of dower in all lands of which the husband was seized during coverture," says WILCOX, J., in *Fulton* v. *Fulton*, 19 N. H., 168, " or of all lands in which she had a right to dower, would not probably be sufficient."

Neither is the indefiniteness of the demand aided by refer-

ence to the deed given by the husband to James Thomas, dated Oct. 19, 1819. Either the premises, in which dower is demanded, should be described, or a reference should be made to the deeds under or through which the tenant derives title. In *Baker* v. *Baker*, 4 Greenl. 68, the demand on the tenant was of dower in land purchased of the husband, and it was held sufficient, because the tenant could not but know to what the demand referred. In *Atwood* v. *Atwood*, 22 Pick. 283, the demand was of dower in land conveyed in common to the husband of the widow and to the tenant. As the tenant was a party to the conveyance, he could not be regarded as ignorant of what was thereby conveyed. So, if the demandant claim dower in the whole of certain premises, when she is legally entitled to dower in but a moiety, she may recover according to her title. *Hamblin* v. *Bank of Cumberland*, 19 Maine, 66. But, in the present case, no description of the premises, in which dower is demanded, is given, nor is any reference made to the deed under which the tenant derives title. The demand refers to a deed to a stranger, executed nearly forty years ago. The contents of that deed are not disclosed. It does not appear that it was ever recorded, or, if recorded, that the tenant claims title under it. A reference to a deed to a third person forty years ago, and not recorded, is no notice to the tenant in possession of what was thereby conveyed, and gives no such description of any premises that he can assign dower therein.

As the demand, neither in terms nor by reference, contains any sufficient description of the premises in which dower is claimed, the demandant must become nonsuit.

*Plaintiff nonsuit.*

Tenney, C. J., Rice, Hathaway, May, and Davis, J. J., concurred.