JOHN C. SCHNEBLY *et al.*, heirs at law of Henry Schnebly, deceased, Plaintiffs in error, *v.* ELIZABETH M. SCHNEBLY, Defendant.

### ERROR TO PEORIA.

A widow is dowable of wild or unimproved lands.

Except by agreement, dower must be apportioned out of each parcel of land, and not in a part for the whole.

In assigning dower, commissioners should have reference to quantity and quality, so that the portion of the widow shall be equal in its yearly value to one-third of the yearly value of the tract from which it is assigned, taking into estimation its capacity for production at the time.

THIS was a petition filed in the Peoria Circuit Court, by the heirs at law of Henry Schnebly, deceased, to have his widow's dower assigned to her. The petition sets forth, in substance, that Henry Schnebly died on the fourth day of August, 1858, leaving the defendant, Elizabeth M. Schnebly, his widow, and the petitioners, (a long list), his heirs at law, all of whom are of age, except Tryphena C. Schnebly, Calvin Schnebly, Elizabeth E. Schnebly, and Ann Louisa Schnebly; and that Hugh W. Reynolds was the legally appointed guardian of the minors.

That said Henry, before his death, made his last will and testament, which was duly proved and admitted to probate, but that the widow in due form renounced all claims under said will, and elected to take her dower, in her husband's estate, in lieu thereof.

Further, that said Henry Schnebly was possessed during coverture, and died seized in fee simple, of certain described lands and real estate, in all of which the said widow is entitled to her dower, or estate of one-third part thereof, during her natural life, to wit: (here describing ten different parcels of land.)

That petitioners and said widow are the only persons interested in said estate.

Prayer that said widow may be made defendant, and that her dower be assigned.

To the petition are attached, as exhibits, the widow's renunciation of all right to take under said will, also, letters of guardianship, which there is no dispute about.

The widow answered, admitting the truth of the allegations of the petition, and joined in the prayer that her dower might be set off to her.

On the 9th of December, 1858, a decree was made, appointing three commissioners to assign to said widow her dower.

The commissioners reported to the court that they had set apart to said widow, in lieu of her dower, in all of said proper-

ty : " the east half of the north-west quarter of section twenty-seven, in township nine north, of range eight east ; and also, eighty-eight acres off the west side of the north-east quarter of said section." They add to the description, " including the residence and homestead of her late husband at the time of his decease."

A motion was made by the petitioners, to set aside the report of the commissioners, which was overruled, and judgment was entered approving the report.

C. BALLANCE, for Plaintiffs in Error.

MANNING & MERRIMAN, for Defendant in Error.

WALKER, J. The commissioners appointed by, and acting under the decree of the court, assigned to the widow as her dower in the various tracts embraced in the decree, the E. ½ N. W. 27, 9 N. 8 E., and 88 acres on the west side, part of the north-east quarter of the same section. These premises included the residence and homestead of the husband in his lifetime. They also report, that the premises thus allotted are one-third in value of all the lands with perfect title, having reference to quantity and quality. It is urged by plaintiffs in error, as one of the grounds of reversal, that wild, unimproved and unproductive lands are not, under our statute, subject to dower. The first section of the dower act provides that " a widow shall be endowed of one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form."

By this provision it is the character of the title, or rather the nature of the estate held in the land, which determines the right. It is not the accidental condition of the property which controls, but the interest or the extent of the title. The legislature has not declared that the widow shall be endowed of all improved or productive real estate of which the husband was seized during the marriage, but it is of all the lands of which he was seized of an estate of inheritance. And in making this provision, the General Assembly have no more than declared the common law. It is true that in giving dower in equitable estates, and in land purchased by the husband in his lifetime, and not paid for until after his death, the right has been enlarged ; but as such estates are not involved in this case, there is no occasion for their discussion.

There seem to be obvious reasons for the enactment. After the assignment of dower, the widow may undeniably use and

enjoy the portion allotted to her in any mode she may choose, provided she shall not commit waste. She may reclaim lands that have been once cultivated and abandoned; she may reduce prairie land to cultivation, and may pasture timber land. And no one will deny that by that means she may derive profit without committing waste. These are doubtless sufficient considerations for the enactment. But be that as it may, we have no hesitation in saying that the legislature designed to give, and has given the widow dower in unimproved as well as improved lands, of which the husband was seized of an estate of inheritance during the marriage.

It is likewise urged, that the statute has not authorized the court through commissioners to assign dower in a portion of lands in lieu of dower in the whole. As in declaring the right, our statute has only enacted the common law, we must look to it for the rules regulating its assignment, unless it is otherwise provided for by the act. Park, in his treatise on Dower, p. 255, says that, "In the simple state of property in former times, it is probable that the only provision that was made for the security of the dowress, was by requiring that the sheriff should assign to her a third part of each existing denomination of property. Thus he was bound to assign her a third part of each manor, if there were several; or a third part of the arable, a third part of the meadow, and a third part of the pasture." And it is said in Bacon's Abr. 374, letter D, "If a woman be dowable in three manors, and accept of the heir one of these manors in lieu of dower in all of the rest, this is good, though against common right, which gives her but the third part of each manor." And Roll's Abridgment, 683, is referred to in support of the doctrine. We thus see that the common law, or common right, as it is sometimes called by the ancient writers, gave to the widow one-third part of each particular tract. Whilst this is true, it also permitted the heir and the widow, by mutual consent, to allot a specific tract in lieu of dower in several parcels, and when so assigned the law upholds and enforces it between the parties. But its validity depended alone upon the agreement, as neither could be compelled by the law to make such an assignment.

And in this country, the courts, so far as we have found, have adopted the same rule. *Scott* v. *Scott*, 1 Bay, 504; *Coulter* v. *Holland*, 2 Harringt. R. 330; *Sip* v *Lamback*, 2 Harrison's N. J. R. 442. But it may be that cases are to be found which announce a different rule, although we have not been referred to them, if they exist. It however seems to us, that when considered upon principle, that it is more reasonable, just and convenient, that each tract should bear the burthen of the widow's

dower, annexed to and growing out of it. If the dower in all of several tracts may be imposed upon one or more, to the relief of others, it might be made to operate with great injustice to purchasers or heirs. In case of purchasers of several tracts without any relinquishment by the widow, it would be highly unjust to endow her out of the portion purchased by one, and to exempt the other. It would be equally wrong to impose the whole of the widow's dower in the estate upon the portion of one heir, and exempt the others. If this might be done, purchasers would be disinclined to pay the value of real estate at sales by executors and administrators, of real estate subject to the widow's dower. And yet, they have no power to compel its assignment.

Again, under our statute this widow's dower is an incident to the land held by a particular description of title. It attaches to all of the lands alike, held by that description of title, and not to a portion of them. By the marriage the right attaches to the lands then held, and as others are subsequently acquired, it attaches to them, and not to those previously owned. And by the husband's death the right becomes consummate, as it originally attached to each separate parcel, and we are aware of no statute or rule of the common law, that will permit the court or the commissioners, without the consent of the parties, to release one portion from the burthen and impose it upon another. If the parties choose to do so, they have the unquestioned right, or if the commissioners were to so assign it, and it were approved by the court without objection, where the parties were not under disability, or if by their report it appeared that the parties in interest consented, and it were not disproved, such an assignment would be good. But without such agreement by parties capable of assenting, when objected to, the court should set aside the report and refer it back to the same or other commissioners.

In assigning the widow's dower, the commissioners should so allot it, having reference to quantity and quality, that her portion shall be equal in its yearly value or income, to one-third of the yearly value of the tract from which it is taken. They should not consider the intrinsic or cash value, but the yearly income, but its capacity at the time for production, and assign to her such a portion as will produce one-third of that value. If after such an assignment the profits are increased by her expenditure of money or labor, it is her compensation for the expenditure.

That this is the true rule seems to be manifest from the provisions of the 28th section of the dower act. It provides that in case the property is not susceptible of a division, and the

commissioners shall so report, the court shall empannel a jury and ascertain its yearly value, and render judgment that the widow shall be paid on a day named, one-third of the amount annually, during her natural life. This provision proceeds upon the principle that it is one-third of the yearly value and not one-third of the number of acres, or the cash value of the land of which she is to be endowed.

For the reason that the assignment of dower in this case was not of the one-third part of such tract, and was of a part of two tracts only, the decree of the court below, affirming the report of the commissioners, must be reversed, and the cause remanded, with instructions to refer it back to the same or other commissioners. *Decree reversed.*