## CONSTANCE B. PRICE, Appellant, *v.* WALTER J. PRICE and Others, Respondents.

*Admeasurement of dower — power of the referee or commissioners to set-off one distinct parcel as the dower interest of the widow in a number of pieces of real estate — Code of Civil Procedure, sec. 1609.*

Upon the hearing before a referee, appointed by an interlocutory judgment entered in this action, which was brought to admeasure the plaintiff's dower in the real estate owned by her husband during the time of their marriage, it appeared that such real estate consisted of four separate parcels. One of these parcels had been conveyed by the testator in his lifetime, and two others had been conveyed by his devisees, all three being held at the time of the hearing by persons who had acquired title thereto or interests therein in good faith, for a valuable consideration and without notice of the plaintiff's claim. The remaining property consisted of two adjacent pieces of land on the westerly side of Lake George, containing together about seventy-three acres, and a small island situate near these premises in the lake. On the westerly portion of this land, which is divided by a road running north and south, valuable buildings had been erected prior to the decease of the husband. The referee reported that it was impracticable to assign the plaintiff her dower in the property lastly described, and was of the opinion that it should be sold and her dower estimated and paid from the proceeds of such sale.

Upon an appeal by the plaintiff from an order of the Special Term, refusing to confirm the report of the referee, and sending the case back to him to set-off to the plaintiff her dower in that property:

*Held,* that the plaintiff was not entitled to have her dower assigned to her in each separate and distinct parcel, when to do so would injuriously affect the equitable rights and interests of other parties.

That express authority to admeasure and lay off, as the dower of the plaintiff, " a distinct parcel, constituting the one-third part of the real property of which dower is to be admeasured," when, in the opinion of the referee, it is practicable and for the best interests of all the parties concerned so to do, is conferred upon him by section 1609 of the Code of Civil Procedure.

*Schnebley* v. *Schnebley* (26 Ill., 116) and *Atkins* v. *Merrell* (39 id., 62) distinguished.

Appeal from an order made at the New York Special Term, denying a motion to confirm the report of a referee for the admeasurement of dower.

*George H. Starr,* for the appellant.

*William Peet, David Wilcox, James R. Marvin* and *Frank L. Hall,* for the respondents.

DANIELS, J.:

The plaintiff has been held entitled in this action to recover dower in the real estate owned by Walter W. Price during the time of her intermarriage with him, and until the entry of a decree annulling that marriage. The controversy, as it was then disposed of, is reported in 33 Hun, 76. Under that decision an interlocutory judgment was recovered directing the plaintiff's dower to be admeasured in the real estate so owned by her husband, who departed this life on the 6th of June, 1876, and a referee was appointed to make such admeasurement of her dower. The property in which, under this decision, she is entitled to dower consisted of four separate and distinct parcels of land. Two parcels are still owned in severalty by two of the children of Walter W. Price. One, consisting of about fifteen acres, was conveyed by the deceased to his son, the defendant Walter J. Price, in July, 1875, and that has since been mortgaged to the Glens Falls Fire Insurance Company to secure the sum of $10,000. This property consists of about fifteen acres of land having no substantial rental value. The deceased left a will by which he devised certain premises, consisting of a lot of land on Hammond street, in the city of New York, to his son, Charles G. Price. He sold and conveyed this property to the Rector Church Wardens, etc., of St. John the Evangelist Church. The church acquired the title for a valuable consideration without notice of the plaintiff's right to dower therein. The testator also devised to two of his sons as tenants in common a house and lot known as No. 4 Vanness place, in the city of New York, which they conveyed to their sister, Mrs. Ashmead, and she afterwards sold and conveyed the same property to Josephine Little for the consideration of $11,000, and she afterwards conveyed it to Mr. Wedeland. The rental value of this property was found by the referee, upon evidence sustaining the conclusion, to be the sum of $776, after deducting taxes and water rents, and of the Hammond street lot to be about the sum of $790 after making the same deductions. The remaining property in which the plaintiff was entitled to be endowed consisted of two adjacent pieces of land on the westerly side of Lake George, containing together about seventy-three acres, and a small island situated near these premises in the lake. This land was divided by only a road running in a northerly and southerly direction, and upon

that portion of it situated westerly of the road valuable buildings had been erected prior to the decease of the testator. This piece consisted of thirty-three and seventy-five one-hundredth acres, and the two pieces together, including the island, produced an annual rental varying from eight to thirteen hundred dollars. The dwelling upon it was designed for a summer residence, and the property had been improved to make it convenient, attractive and desirable for such a residence. But the referee considered it to be impractical to assign the plaintiff her dower in this property, and was of the opinion that it should be sold and her dower estimated and paid to her out of the proceeds. It is true that no such express direction was given by him, but that was evidently the opinion upon which his final conclusions were founded. The court, upon the motion to confirm his report, dissented from his conclusion as to the inability to assign the plaintiff's dower in this property, and ordered the case to be referred back to the referee to set-off to the plaintiff her dower in that property, and the plaintiff has appealed from that order, considering it to have been unauthorized and not within the power of the court to make it. And her counsel has endeavored to sustain this view in support of the appeal under the general statutory authority declaring that a widow shall be endowed in the third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage (2 R. S. [6th ed.], 1121, § 1), and the common-law rule maintaining her right to dower in each separate and distinct parcel of such lands.

But it was considered by the chancellor in *Wood* v. *Keyes* (6 Paige, 478) that this general direction should be subordinated to the equitable rights and interests of other parties in the property. And where it would be inequitable and unjust to assign dower in the lands conveyed by her husband during his lifetime with warranty, that her dower should be admeasured to her in other property affected by no such rights or interests. The authority of the court to make this decision has been drawn in question in support of the appeal, and the case of *Schnebley* v. *Schnebley* (26 Ill., 116), decided under a like statutory provision, has been relied upon as supporting this objection. And it is true that the court there announced and acted upon the common-law principle, which was held to be consistent with the statute, that the widow was entitled to be endowed

in each separate parcel of land which had been owned by her husband during the period of the marriage. And the case of *Atkin* v. *Merrell* (39 Ill., 62) followed this authority. But these cases require no departure to be made from the doctrine of *Wood* v. *Keyes*, for the reason that the provisions of the Code of Civil Procedure, concerning the admeasurement of dower, have not only followed, but have enlarged the effect of this authority. For by subdivision 1 of section 1609, it has been in the most general manner directed that the referee or commissioners must, if it is practicable, and in their opinion for the best interests of all the parties concerned, admeasure and lay off as the dower of the plaintiff a " distinct parcel," constituting one-third of the real property of which dower is to be admeasured. And if that is not practicable, or for the best interests of all parties concerned, then that fact is to be reported to the court. This phraseology empowering the referee or the commissioners to set apart a distinct parcel of land for the dower of the plaintiff, was not contained in the provisions of the Revised Statutes concerning this subject. There the direction was that the commissioners should " admeasure and lay off as speedily as possible the one-third part of the lands or premises embraced in the order." (3 R. S. [6th ed.], 777, § 13 ; Id., 578, § 51.) And this additional direction empowering the referee or commissioners to admeasure and lay off " a distinct parcel " of the lands must have been designed to enlarge the authority of the court over this subject, for it has been employed by way of contrast to other parcels or portions of the real estate of the deceased husband. This significance of the phraseology is not only indicated by the language itself, but by the manner in which it has been employed in section 1599 of the Code of Civil Procedure, where a distinct parcel is distinguished from other real estate of which the husband may have died seized or alienated by one conveyance to one or more other persons. That the employment of these terms was designed and intended to have their appropriate office and effect in the proceedings, further appears from sections 1610 and 1613 of the Code. For care has been taken where that can be done, and the rights and interests of other parties shall be promoted thereby, to restrict the property to be set-off as the dower of the widow, to a distinct parcel of that in which she may be entitled to be endowed.

It has been urged that this construction should be limited to the class of cases in which the widow indicates her willingness to receive a gross sum in satisfaction and discharge of her right of dower. And where she may consent to receive that sum in the manner provided for by the statute, it has been further directed by section 1619 that a reference shall be ordered to ascertain whether a distinct parcel of the property can be so admeasured and laid off without material injury to the interests of the parties, and if it cannot, that then a sale shall be made out of the proceeds of which such a sum of money shall be paid to her. The next section has further provided where the widow may consent to receive the same, for the appropriation to her of a distinct parcel of vacant or unimproved lots to be owned by her in severalty and fee simple for and as her dower. These sections are substitutes for the enactments contained in chapter 717 of the Laws of 1870, and in no manner affect or abridge the authority provided by the preceding sections for setting off to the widow a distinct parcel of the real estate. But they specially provide for a class of cases not enumerated in those sections, and they in no manner enlarge or extend in the use which they have made of it, this phraseology which has been inserted and repeated in these sections of the Code, but whenever this language has been employed, the same significance is required to be given to it. What is a distinct parcel of the property in one case is no more nor less than a distinct parcel in the other, and the phraseology must have been designed and intended to have the same significance and effect wherever it has been employed in this part of the Code. And that was to confer upon the court in all cases the power to set-off, as the dower of the widow, a separate and distinct parcel of the real estate.

That has been positively required to be done where it can be, and at the same time will be for the best interests of all the parties concerned ; and the referee has concluded, from the evidence produced before him, that it was for the best interests of all the parties concerned that the dower should be secured to the plaintiff out of this property situated upon the westerly side of Lake George. And in this conclusion he is sustained by the manifest injustice of directing dower to be apportioned to the plaintiff out of the houses and lots on Hammond street and Vanness place, in the city of New York. That property has passed into the hands of purchasers for value

without notice of the plaintiff's rights, and to assign her dower in those lots would necessarily entitle their owners to reimbursement for the amounts paid from the estate of the testator, or under the covenants of warranty contained in the deeds conveying the property, and that should not unnecessarily be done. The lands conveyed to Walter J. Price, and situated between what is known as the Bolton road and the westerly bounds of Lake George, are in no manner adapted to the plaintiff's use or enjoyment as her dower, for no income can be derived from them which would afford her any remuneration whatever for her claim; and in this state of the property the seventy-three acres upon which the buildings were erected by the testator in his lifetime, and still owned by his devisee, seem to be all that can justly be appropriated to the satisfaction of the plaintiff's right of dower.

The referee concluded that this property could not be so divided as to set any portion of it off to the widow in satisfaction of her entire claim for dower in these four parcels of property. But the evidence taken by him very decidedly preponderates in support of the view adopted at the Special Term when the order was made from which the appeal has been taken, and that is, that this property can well be divided upon an easterly and westerly line, setting off to the plaintiff that portion containing the buildings standing upon it, and so much of the land as would yield to her at least one-third of the rental value of all this property. Three witnesses, whose knowledge of the property sustain their opinion, have expressed their views to the effect that the land can be so divided, and its locality, extent, condition, value and rental seem to sustain that view. The evidence opposed to it was very slight and inconclusive, and failed, against the other testimony upon the hearing, to sustain the conclusion adopted by the referee. As the interests of the parties were proved and found by the referee, and to which no exception has been taken by either of them, and the evidence was presented concerning the ability to make this division of the land, the order made at the hearing was a proper one and it should be affirmed, with costs and disbursements to abide the event of the action.

BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.