### Marion J. Lavery, Appellee, v. Jennie C. Hutchinson, Appellant.

#### Gen. No. 14,312.

1. DOWER—*when gross sum may be awarded in lieu of. Held,* doubtful whether a gross sum may be allowed in lieu of dower without the consent of all parties in interest.

2. DOWER—*how right to assignment of, will be enforced.* The right to have dower assigned can only be enforced in a court of equity in a proceeding to which all parties in interest are parties.

Bill for injunction. Appeal from the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed February 14, 1908. Rehearing denied February 29, 1908.

FRED. A. BANGS, for appellant.

PADDOCK, FURNESS, CLARKSON & RUTTER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by one of the defendants from an interlocutory order for a temporary injunction entered upon a bill in which appellee here was complainant.

The bill avers that September 14, 1888, Charles G. Hutchinson conveyed by warranty deed a certain part of a certain lot in Chicago to which complainant has since acquired title in fee by warranty deed from one of Hutchinson's remote grantees; that in a suit for separate maintenance brought by

appellant against said Hutchinson, a decree was entered find-
ing that said Hutchinson and appellant were married in
April, 1875, and thereafter lived together as husband and
wife; that in January, 1907, a certain railway company be-
gan proceedings in the Superior Court of Cook county, under
the Eminent Domain Act to ascertain the compensation to
be paid for said premises, to which proceedings complainant
was made a defendant; that February 27, 1907, said Charles
G. Hutchinson died; that September 12, 1907, appellant
filed in said proceeding her cross petition, alleging that she
was the wife of said Charles G. Hutchinson; that he had died
and claiming dower in said premises; that before said cross
petition was filed complainant had agreed with said railway
company that $55,000 was just compensation for said prem-
ises; that after the filing of said cross petition complainant
agreed with said company that said sum of $55,000 should
also stand as just compensation for the dower estate of ap-
pellant; that said sum as just compensation was also agreed
to by appellant; that it was agreed between said company and
complainant that from said sum of $55,000 said company
should retain $12,500, and that the same should be put in
escrow with the Northern Trust Company, with which to pro-
vide for the satisfaction of the dower of appellant; that pur-
suant to said agreement said Trust Company received said
sum from said railway company and still holds the same for
the purpose of satisfying said estate of dower when the
amount thereof shall be legally ascertained and fixed; that an
order was entered in said condemnation proceeding, adjudg-
ing that appellant was entitled to dower in said real estate,
but reserving the question of the value of said dower estate
for future consideration.

The court afterwards fixed November 2, 1907, as the day
for fixing the value of said dower estate, and November 1
this bill was filed and the order for an injunction entered.
The bill also avers that said Charles G. Hutchinson died
seized of real estate in Cook county of the value of $130,000,
and personal estate of the value of $190,000. The executor
of the will of said Charles G. Hutchinson, his heirs, and the

legatees and devisees under his will are also made defendants to the bill.

The prayer of the bill is that the value of the dower estate of appellant in said premises may be determined, that said premises and the just compensation standing in lieu thereof may be relieved from any and all charge of said dower, and the amount thereof made a charge upon the lands of which said Hutchinson died seized, or on his personal estate, or on both his lands and personal estate; that said trust company be ordered to pay to complainant said sum of $12,500; that appellant be enjoined from further prosecuting her cross petition and from further prosecuting her claim for dower otherwise than in said cause.

The order appealed from restrains appellant from further prosecuting her said cross petition in the Superior Court, and from prosecuting her claim except in said cause, and from assigning or conveying her said estate or claim for dower.

Our Dower Act gives to appellant here the right to file a petition in chancery to have her dower assigned against the heirs or devisees of Charles G. Hutchinson and all other persons having any interest in any premises in which she claims dower. It also provides that the heirs "or any other person interested in lands, tenements or hereditaments may also petition the court to have dower assigned to the person entitled thereto"; and it further provides that dower "need not be assigned in each tract separately, but may be allotted in a body out of one or more tracts of land, when the same can be done without prejudice to the interests of any person interested in the premises."

The court in the condemnation suit had only the authority conferred by the statute. It had before it only appellant and appellee. The personal representatives and heirs of Charles G. Hutchinson are interested as well as appellant and appellee in the question whether appellant shall be awarded a gross sum as and for her dower in the lands taken by the railway company, for they are bound by the covenants in his deed. In the condemnation suit the court must either award appellant a gross sum, or order that a certain sum be paid

her each year as an allowance in lieu of dower, and cause the same to be secured to appellant, either out of the money deposited with the Trust Company or in some other manner. It is, to say the least, doubtful whether a gross sum may be awarded without the consent of all parties in interest. As was said in Bonner v. Peterson, 44 Ill., 255–259, "We can imagine nothing more uncertain than the present value of a widow's life estate in real estate or in a fund."

If in the condemnation suit an order shall be made that a gross sum be paid appellant as the value of her dower, such order will not be binding upon the heirs of Charles G. Hutchinson, for they are not parties to that proceeding. If a certain sum is ordered to be paid to her yearly, appellee must sue on their covenants of warranty for each sum so paid.

Upon the facts stated in the bill complainant has, we think, an adequate right, if not inconsistent with the rights of appellant as widow of Charles G. Hutchinson, to have her dower assigned in lands of which her husband died seized. Longshore v. Longshore, 200 Ill., 470; Richmond v. Harris, 102 Ky., 389; Wood v. Keyes, 6 Paige, 478. This right can be enforced only in a court of equity in a proper proceeding to which all the parties in interest are parties. The injunction in effect only restrains appellant from proceeding to enforce her right of dower elsewhere than in a court of equity. If it be conceded that complainant's right could not have been prejudiced by giving notice of the application, still, in view of the nature and effect of the injunction that was ordered and issued, we do not think that the order appealed from should be reversed for that reason alone.

The order will be affirmed.

*Affirmed.*