## JAMESON v. DAVIS.

### Opinion delivered June 12, 1916.

1. DOWER—DEATH OF HUSBAND WITHOUT CHILDREN.—A widow takes a one-half interest in fee in the lands of her deceased husband, where he died without children, but she takes such estate by way of dower, and not inheritance, and the probate court has jurisdiction to allot dower by setting apart to the widow a one-half interest in the lands of her deceased husband.

2. DOWER—PETITION TO SET ASIDE—PARTIES.—The heirs and devisees of deceased are necessary parties to a suit to have dower set aside to the wife.

3. DOWER—ALLOTMENT—SUIT BY EXECUTORS.—The executors of a deceased husband may not bring an action to have dower set aside to the widow.

Appeal from Columbia Circuit Court; *C. W. Smith,* Judge; reversed.

The appellees, as executors of the estate of T. N. Jameson, deceased, commenced this action by filing their petition in the Columbia probate court, asking that court to appoint commissioners to allot dower out of the estate to Mrs. Isadore Jameson, the appellant. They described the land in their petition and set up that the appellant was entitled to be endowed as the widow of T. N. Jameson with one-half of the property in fee sim-

ple, her husband, T. N. Jameson having died siezed thereof.

The appellant responded to the petition, alleging that her interests had already been determined by the judgment of a proper court to be an undivided one-half interest in fee in the land set out in the petition. She alleged that therefore the probate court had no jurisdiction of the subject matter to allot her dower. She further set up that there were no proper parties to the petition and that the court was without jurisdiction of the necessary parties. The court rendered judgment for the allotment of dower and appointed commissioners to lay off the same. The appellant appealed to the circuit court.

The circuit court found that T. N. Jameson died leaving his widow, the appellant, with no children; that at the time of his death he was not indebted to any one, and that he was the owner, seized and possessed of the lands described in the petition; that the land was not an ancestral estate, and that Mrs. Jameson was entitled to be endowed in fee simple of one-half thereof. The court then entered a judgment, "that Mrs. Isadore Jameson be endowed in fee simple of one-half of the following real estate of which her husband died seized and possessed lying in the county of Columbia and State of Arkansas, to-wit:" Then follows an exact description of the land as set forth in the petition. The court ordered that its judgment be certified "to the probate court of Columbia County, Arkansas, to the end that said court may proceed to allot dower of the said Mrs. Isadore Jameson according to the terms of this decree." From that judgment this appeal has been duly prosecuted.

*Stevens & Stevens,* for appellant.

1. The widow, upon refusing to take under the will, inherited from her husband a half interest in all of his real estate and in addition thereto a homestead in the real estate and her statutory rights under Kirby's Digest, §§ 3, 72, 74, 2709; 117 Ark. 142; 102 *Id.* 322; 75 *Id.* 240; 83 *Id.* 293. She takes by descent. 87 S. W. 459;

5 L. R. A. 748; Tiffany on Real Prop., § 427; 1 Woerner on Adm., § 67. The interest is not "dower." 14 Cyc. 880. It is a freehold estate. 31 Ark. 576; 1 Tiffany on Real Prop., § 18, note 8. 14 Cyc. 960, 1013.

2. The executors had no right to allot dower and the probate court had no jurisdiction. Kirby's Digest, § 2717, 2720; 47 Ark. 317; 5 Ark. 608, etc. Besides all interested parties must be before the court. Kirby's Digest, § 2721. Each of the devisees had an interest and should have been parties. 104 Ark. 439; 57 L. R. A. 253.

*C. W. McKay*, for appellees.

1. If not entitled to dower the widow is entitled to nothing by virtue of having declined to take under the will. Kirby's Digest, § 2709; 98 Ark. 118; 117 Ark. 142.

Probate courts have power to allot dower. 112 Ark. 483. The law that gives the widow the right to decline to take under the will, gives her only the alternative right to take dower in preference. 98 Ark. 118; 117 Ark. 142.

WOOD, J., (after stating the facts). The appellant contends that she was entitled to an undivided one-half interest in fee simple in the lands in controversy, not as dower but by inheritance from her husband, and that inasmuch as the title in fee simple to the one-half interest was vested in her by inheritance at her husband's death the probate court had no jurisdiction to allot this interest to her as dower.

Section 2709 of Kirby's Digest provides that, if a husband die leaving a widow and no children, his widow shall be endowed in fee simple of one-half of the real estate of which her husband died siezed where said estate is a new acquisition, etc.

In *Barton v. Wilson*, 116 Ark. 400, 405, we held that the widow, under the above statute, "takes absolutely an undivided interest in fee simple, and it is such an interest as immediately vests, and without assignment becomes subject to transmission by conveyance or inheritance." We also held in that case that "it is a mistake

to assume that the widow takes as an heir, for the statute expressly declares that the widow shall be endowed in fee simple of one-half of the real estate of which such husband died seized." And, quoting from the Supreme Court of Maine, we said: "The statute does not change the status of the widow with reference to her deceased husband's estate. It enlarges her interest by giving her an estate in fee instead of an estate for life. She still takes, not as heir, but as widow." *Golder* v. *Golder,* 95 Me. 259.

In *McGuire* v. *Cook,* 98 Ark. 118-120, we said: "The interest which the widow possesses in the lands of her deceased husband is known as dower. * * * By this enactment we do not think the Legislature intended to create in the widow an estate in her husband's lands different in any essential from the estate of dower known at the common law, except as therein expressly provided."

While the statute enlarges the quantity and extends the duration of the estate, it in no manner changes the character of the estate nor the method by which it is set apart or allotted to the widow. Probate courts in this State are vested with jurisdiction in matters of dower. *Carter* v. *Younger,* 112 Ark. 483-487. It follows that the probate court has jurisdiction to allot dower to appellant by setting apart to her one-half of all the lands described in the petition, and the circuit court did not err in so holding.

But appellant is correct in her contention that the appellees as executors had no power to allot dower in the lands to appellant. "It shall be the duty of the heir at law of any estate of which the widow is entitled to dower to lay off and assign such dower as soon as practicable after the death of the husband of such widow. Section 2717, Kirby's Digest; *Hill's Admrs.* v. *Mitchell,* 5 Ark. 608. And those who have an interest in the lands must be made parties to the proceedings for the allotment of dower. Kirby's Digest, § § 2720 and 2721.

, The devisees of Jameson had an interest in the lands embraced in the petition and they were necessary parties to any proceedings for the allotment of dower.

The court erred, therefore, in directing the probate court to proceed to the allotment of dower. The appellant was not asking such allotment and the appellees could not have it allotted.

The judgment is, therefore, reversed, and the cause is remanded with directions to dismiss the petition.