ARBAUGH *v.* WEST.

Opinion delivered January 22, 1917.

1. DOWER—SUIT BY WIDOW—SERVICE.—Where a widow filed a supplemental complaint, asking dower in lands which had been omitted from her original complaint, she in effect files a new suit as to these lands, and she is not entitled to a decree allotting her dower until service of summons is had upon the defendants, the heirs at law.

2. DOWER—SUIT BY WIDOW—DECREE—DESCRIPTION.—Where a widow has brought an action to have dower set aside to her in certain lands, and commissioners are appointed to do the same, the description of the lands in the report of the commissioners and in the prayer and in the decree must be the same, and a variance in the description is material.

3. DOWER—ASSIGNMENT—NEW ACQUISITION.—Where the deceased husband's lands were a new acquisition, and he died leaving no children, under Kirby's Digest, § 2709, the court should decree to the widow as dower, one-third of the husband's real estate in fee simple.

4. DOWER—QUANTITY AND QUALITY.—In determining the proportion of the lands which should be assigned to the widow for her dower, the quantity and quality should both be considered.

5. DOWER—CHOICE BY WIDOW—RIGHTS OF HER HEIRS AND ALIENEES.—When dower is allotted to the widow under Kirby's Digest, § 2709, she may exercise the privilege given her by Kirby's Digest, § 2706, but the privilege being personal to her does not extend to her alienees or to her heirs.

Appeal from Johnson Chancery Court; *Jordan Sellers*, Chancellor; reversed.

STATEMENT BY THE COURT.

This is an action by the widow against the heirs at law for the assignment of dower in certain lands belonging to the estate of her deceased husband. The material facts are as follows:

W. H. West died in Johnson County, Arkansas, on April 10, 1913, owning the lands which are the subject matter of this litigation. The lands involved in this suit were a new acquisition, and not an ancestral estate. The estate of W. H. West, deceased, is insolvent. W. H. West left surviving him the plaintiff, Alta West, as his widow, and Leona Arbaugh and the other defendants as his sole heirs at law. He did not leave any children, but only left collateral heirs. The

complaint was filed on July 22, 1915, and the return of the sheriff shows that service of summons was had upon the defendants on the 4th day of August, 1915. On the 18th day of August, 1915, the court rendered a decree in favor of the plaintiff for dower in the lands described in the complaint and the facts above stated are recited in the decree.

Commissioners were appointed by the court, and the decree directs them to view the lands and allot dower therein to the plaintiff, Alta West. The commissioners are directed to lay off for dower one-third in value thereof on any part of the lands described in the decree, if the same can be done without essential injury to the estate. The decree also recites that the defendants were served with summons, but that neither of them appeared in court or filed any plea, answer or demurrer.

On January 19, 1916, the plaintiff filed what she calls a supplemental complaint. In it she stated that since the decree was entered of record, that she had discovered certain errors in the description of the lands belonging to the estate, which was contained in the original complaint and in the decree ordering dower to be allotted to her. These mistakes are specifically pointed out in the supplemental complaint. The supplemental complaint also contains an allegation that certain lands belonging to the estate were omitted from the first complaint and the decree based on it. These omitted lands are specifically described in the supplemental complaint and plaintiff prays that dower be allotted to her in these lands. No summons was issued and served upon the defendants on the supplemental complaint.

On the 19th day of January, 1916, also appeared the commissioners and filed their report setting forth in detail their action in the premises and describing the lands which they had allotted to the plaintiff as dower. They state that the selection they made for the widow was one-third of the value of the lands belonging to the estate and that the allotment does no

injury to the estate. On the same day a decree was entered approving and confirming the report of the commissioners.

It was further decreed that the plaintiff recover and own, in fee simple, the lands set off and assigned to her as dower, and the lands are described by metes and bounds in the decree.

The record shows that the defendants did not appear in any of these proceedings. It also shows that the report of the commissioners does not include all the lands described in the first complaint and also includes land not described in either the first or supplemental complaints. The decree of confirmation contains lands not mentioned in the report of the commissioners.

The defendants have appealed.

*Winchester & Martin,* for appellants.

1. The decree by default was entered prematurely. Acts 1915, p. 1081.

2. The directions to the commissioners to view and lay off as dower one-third in *value* of the lands was error. There is no such provision in our law; the statute says, "one-third part of all the lands," etc. Kirby's Digest, § § 2687-9; 116 Ark. 400; Kirby's Digest, § § 2726, 5780.

3. The decree was not entered by consent and there was no notice nor service on defendants. 36 Ark. 217, 221. If the supplemental complaint be treated as an amendment, it sets up an entirely distinct cause of action and summons was necessary. 97 Ark. 19.

4. Dower can not be assigned in lands not described in the petition. 55 Ark. 562. On direct attack no presumption of notice can be indulged. 83 Ark. 367.

5. The decree was not final. Acts 1915, 194; 39 Ark. 82; 52 *Id.* 224; 83 *Id.* 186; 88 *Id.* 590; 92 *Id.* 607. No appeal would lie.

6. The report of the commissioners does not include all the lands. This leaves the title to much of the lands in confusion and gives the widow more than she is entitled to under the law. Appellee usurped

the functions of the commissioners and *selected* her own dower.

*W. E. Atkinson*, for appellee.

1. The decree was not premature. Interlocutory decrees are provisional and re-examinable. 17 Wall. 530; 10 Ark. 333; 6 How. 206-9. If the first decree was not interlocutory, the appeal was too late—more than twelve months thereafter. Rendering judgment before day fixed is clerical misprision merely. Kirby's Digest § § 4429-31.

2. No other basis than "value" can be had. Certainly one-third *in quantity* can not be considered. 14 Cyc. 998, par. 3.

3. The widow had the right to *select*. Kirby's Digest, § 2706; 58 Ark. 301.

4. The supplemental complaint was not a new suit nor cause of action. No additional service was necessary. Defendants were in court.

5. All the lands were included in the complaint and report; there was merely an error in description. But this was appellee's loss. Value is the only basis. 40 Ark. 74.

6. Appellee was entitled to dower in fee simple—there being no children. Kirby's Digest, § 2709. The defendants are not prejudiced. The estate was insolvent and they are not interested nor prejudiced. 26 Ark. 493; 92 *Id.* 534; Kirby's Digest, § 2709.

HART, J., (after stating the facts). Section 2717 of Kirby's Digest provides that it shall be the duty of the heir at law of any estate of which the widow is entitled to dower, to lay off and assign such dower as soon as is practicable after the death of the husband of such widow.

In *Jameson* v. *Davis*, 124 Ark. 399, the court held that the heirs of deceased are necessary parties to a suit to have dower set aside to the widow. In that case the court also held that a widow takes a half-interest in fee in the lands of her deceased husband, where he died without children, but she takes such es-

tate by way of dower, and not inheritance; for that reason it held that the probate court had jurisdiction to allot her dower by setting apart to the widow a one-half interest in the lands of her deceased husband. The jurisdiction of chancery over the claim of dower has been definitely established in this State. In the present case the heirs at law failed to assign dower to the widow and she instituted this action in the chancery court to have dower allotted to her.

The return of the sheriff shows service of summons on the defendants on the 4th day of August, 1915. A decree allotting dower to the widow was entered of record on August 18, 1915. This decree was prematurely entered as will be readily seen by reading our practice act which became effective from and after June 1, 1915. See Acts of 1915, p. 1081. The defendants did not enter their appearance to the action.

(1) On the 19th day of January, 1916, the plaintiff filed what she called a supplemental complaint, and in it asks that dower be allotted to her in certain lands which were omitted from her first complaint. The report of the commissioners was also filed on the same day. The filing of the supplemental complaint asking for dower in lands which had been omitted from the original complaint was in effect the institution of a new action as to these lands and the plaintiff was not entitled to a decree allotting her dower until service of summons was had upon the defendants. It was the duty of the plaintiff to describe the premises with sufficient definiteness that the defendants might know to what lands her demand for dower referred. *Ford* v. *Erskine*, 45 Me. 484; *Atwood* v. *Atwood*, 22 Pick. (Mass.) 283. See, also, *Ferguson* v. *Carr*, 85 Ark. 246.

(2) The record also shows there was a variance in the description of the land in the report of the commissioners, and that of the several tracts described in the two complaints and in the decree. This variance was material as the description in the report should be the same as that in the complaint and in the decree.

The record shows that the court ordered the commissioners to lay off for dower one-third in value of any part of the lands belonging to the estate. This was error.

(3-4) Under section 2709 of Kirby's Digest, as applied to the facts of this case, the court should have decreed that the plaintiff should be endowed with one-third of the real estate in fee simple belonging to the estate. At common law a widow was entitled to have dower assigned to her out of each separate tract of land belonging to her husband's estate. Scribner on Dower (2 ed.), vol. 2, page 587; 14 Cyc. pages 1001 and 1002; 4 Kent Comm., p. 63; *Scott* v. *Scott*, 1 Am. Dec. 625; *Schnebly* v. *Schnebly*, 26 Ill. 116. In determining the proportion of the lands which should be assigned to the widow for her dower, the quantity and quality should both be considered. 14 Cyc. 998.

In the case of *Pike* v. *Underhill*, 24 Ark. 124, it was held that where it would be detrimental to the interests of the parties to assign the widow her dower specifically in certain of her husband's lands, the court will direct them to be sold. The trend of all modern decisions in equity is to permit dower to be assigned in one parcel rather than out of each separate tract where it is for the best interest of all concerned.

It is contended on the one hand that the common law rule that dower must be specifically assigned out of each parcel or tract of land wherever it may be situated is abrogated by section 2706 of Kirby's Digest, which, in effect, provides that the commissioners shall at the request of the widow, lay off dower on any part of the lands of the deceased, whether the same shall include the usual dwelling of the husband and family or not, provided it can be done without essential injury to the estate. In support of their contention they cite the case of *Horton* v. *Hilliard*, 58 Ark. 298, where the court said that the widow was deprived of the benefit of this statute by the action of the commissioners in proceeding without notifying her and giving her the privilege of selecting her dower. On the other hand, it

is contended that the privilege given the widow by section 2706 does not apply when the widow takes dower, as in this case, under the provisions of section 2709 of Kirby's Digest, because the latter section impliedly repeals the former.

Dower at the common law exists where a man seized of an estate of inheritance, dies in the lifetime of his wife, in which case she is entitled to be endowed, during her natural life, of one-third part of all his lands and tenements, whereof he was seized at any time during the coverture, and which any issue she might have had could by possibility have inherited. *Hill's Admrs.* v. *Mitchell et al.*, 5 Ark. 608. Our Legislature, in the beginning, enlarged the common law definition of dower and made it embrace shares and personal estate, and gave the widow a life estate in one-half of her husband's lands in case of no issue. By the act of March 24, 1891, section 2709 of Kirby's Digest, in case of no issue, where the estate is a new acquisition, the widow is entitled to one-half as against collateral heirs and one-third as against creditors. This section of the statute came up for construction in *Barton* v. *Wilson*, 116 Ark. 400. It was contended that tenancy in dower no longer existed in this State under it, and that the widow took as heir. The court held that the statute did not abolish dower and create a new right in the widow as a part of our intestate laws, but that the surviving wife still derives her right by virtue of her marriage, and that the statute merely enlarges her common law right of dower.

It is true that in *Barton* v. *Wilson*, 116 Ark. 400, the court said that the dower interest of a widow under Kirby's Digest, section 2709, vests in her immediately upon her husband's death, whether the same is ever assigned to her or not, and upon her death will descend to her heirs, whether lineal or collateral; but we do not think the effect of this decision is to hold that the widow takes her estate in severalty as soon as her husband dies, and that on this account her dower interest is to be governed by the usual rules relative to the partition

of estates between tenants in common. Such a course of reasoning would lead to the conclusion that the widow takes as heir under the statute, and not as widow. The purpose of the statute was to enlarge the widow's dower by the substitution of a fee simple estate for an estate for life. At the common law there was no dower in personal estate, but by statute the widow is entitled as part of her dower absolutely to one-third part of the personal estate whereof the husband died seized or possessed. Kirby's Digest, section 2708. His estate becomes vested in her immediately on her husband's death, but it does not vest in severalty until it is assigned to her.

But it is said that the privilege granted by section 2706 does not apply when the widow takes dower under section 2709 for the reason that she can dispose of her dower interest before it is assigned and descends to her· heirs if she dies before it is assigned. In such case, the privilege would not go to her grantee or heirs, because it is a privilege. The widow may assign or transfer her dower in the personal estate and it descends to her heirs in case of her death before assignment, but, as already stated, it does not become vested in·severalty until it is assigned. For this reason, the administrator is entitled to the possession of the personal property until dower is assigned. Where a widow takes a life estate as dower, it has been held that a conveyance by her of her dower in land before it has been assigned to her will be upheld in a court of equity, and her dower interest may be recovered by her alienee, *Weaver* v. *Rush*, 62 Ark. 51, but he would not be entitled to exercise the privilege given the widow by section 2706. The reason is that the privilege is so far personal to the widow that it can not be transferred to another and does not descend to her heirs. Therefore, we are of the opinion that the privilege granted to the widow by· section 2706 extends to the provisions of section 2709, and is not inconsistent therewith. This view is borne out by the decision in *Jameson* v. *Davis*, 124 Ark. 399. It is true the question for decision there was as to

whether or not the probate court had jurisdiction to allot dower to the widow by setting apart to her a one-half interest in the lands of her husband under section 2709 of Kirby's Digest, but in reaching the conclusion that the probate court had jurisdiction, the court, as a part of its reasoning said that while the statute enlarges the quantity and extends the duration of the estate, it in no manner changes the character of the estate nor the method by which it is set apart or allotted to the widow.

It follows that when dower is allotted to the widow under section 2709, she may exercise the privilege given her by section 2706, but the privilege being personal to her does not extend to her alienees or to her heirs. The court, however, in making an order for the allotment of dower, should not direct the commissioners to consider alone the cash or intrinsic value of the land. Quantity and quality as well as intrinsic value are to be considered. The statute in question merely changes the common law rule as to the allotment of dower, and allows her to choose that part of the land on which her dower is to be laid off when that can be done without essential injury to the estate.

For the errors indicated in the opinion, the decree will be reversed and the cause remanded for further proceedings in accordance with law, and not inconsistent with this opinion.